IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROCK HALSEY,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CV F 03 5956 AWI   WMW   P

ORDER RE MOTIONS FOR RECONSIDERATION

(DOCUMENTS #43 & #58)

       Plaintiff is a federal prisoner proceeding pro se in a Federal Tort Claims action pursuant to 28 U.S.C. § 2671, et seq. Pending before the court are plaintiff's motions for reconsideration filed on October 15, 2004, and February 28, 2005.

       The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a

1

1  disagreement with the Court's decision, and recapitulation of the cases and arguments considered
2  by the court before rendering its original decision fails to carry the moving party's burden." U.S.
3  v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are
4  committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441
5  (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a
6  party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
7  prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665
8  (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

9        On October 15, 2004, plaintiff filed a motion for reconsideration of an order
10 entered by the District Court on September 29, 2004.  That order adopted the findings and
11 recommendations of the Magistrate Judge that plaintiff's motion for injunctive relief be denied.
12 In his motion for reconsideration, plaintiff states that he did not receive the findings and
13 recommendations, and was therefore unable to file objections.   The docket indicates that
14 plaintiff was properly served at his address of record.  Further, the denial of the motion was
15 based upon the fact that there was no operative pleading at the time the motion was filed.
16 "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject
17 matter jurisdiction over the claim; it may not attempt to determine the rights of persons not
18 before the court." Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir.1983).  The court
19 did not address the merits of the motion.  There is no prejudice to the renewal of the motion.
20 Plaintiff's motion for reconsideration of the September 29, 2004 order denying his request for
21 injunctive relief is therefore denied.

22       On February 28, 2005, plaintiff filed a motion for reconsideration of the February
23 18, 2005, order by the Magistrate Judge denying plaintiff's request to file a third amended
24 complaint.   The court reviews a motion to reconsider a Magistrate Judge's ruling under the
25 "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R.
26

1  Civ. P. 72(a).  The Magistrate Judge denied plaintiff's motion on the ground that plaintiff had
2  already amended the complaint once as a matter of right, and that the court had ordered service of
3  process of the second amended complaint.   The Magistrate Judge specifically noted that the
4  denial was without prejudice to the renewal of the motion at a later stage in the litigation.
5  Because plaintiff is not foreclosed from filing a motion to further amend the complaint at a later
6  stage in the litigation, the motion for reconsideration of the February 18, 2005, order denying
7  leave to file a third amended complaint is denied.

        Accordingly, the court ORDERS that:

    1.    The motion for reconsideration filed on October 15, 2004 is DENIED; and

    2.    The motion for reconsideration filed on February 18, 2005 is DENIED.

IT IS SO ORDERED.

**Dated:**   **August 22, 2005**            **/s/ Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE